NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL MYERS, | Civil Action No. 08-4386 (JAG) |
| Plaintiff, | |
| v. | OPINION |
| BRUCE HAUCK, et al., | |
| Defendants. | |

**APPEARANCES**:

    MICHAEL MYERS, #421080/495164C, Plaintiff pro se
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114

**GREENAWAY, JR.**, District Judge

    Plaintiff Michael Myers ("Plaintiff"), a prisoner who is confined at Northern State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections to deduct an initial partial filing fee from Plaintiff's prison account and to forward it to the Clerk when funds exist; and (5) directs the New Jersey Department of Corrections to forward payments from Plaintiff's prison account to the Clerk each month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915.  As required by 42 U.S.C. § 1997(e)(a), this Court will summarily dismiss the Complaint for failure to exhaust administrative remedies.

## I.  BACKGROUND

Plaintiff asserts the following facts, which this Court will regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff alleges that Bruce Hauck ("Hauck"), the Administrator of Northern State Prison ("NSP"), violated his rights by placing him in a "torture cell."  Plaintiff asserts that Hauck and Paul Mark, Chief of NSP, ordered Plaintiff to be confined in a lock-down unit after he was sent back to prison for a parole violation.  Plaintiff further alleges that G. White shouted out loud the home address of Plaintiff's mother and removed Plaintiff's mail from his cell.  Plaintiff states that Dr. Martindell denied his request for a transfer to a state mental hospital.  (Compl. ¶ 6.)  For these alleged violations of his constitutional rights, Plaintiff asks this Court to shut down "these cruel cells," obtain Plaintiff's mental health records, and award at least $250,000 in damages.  (Compl. ¶ 7.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires this Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires this Court to sua sponte dismiss any claim if this Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

### III.  DISCUSSION

The PLRA contains an administrative exhaustion requirement:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement is mandatory.  See Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); Booth v. Churner, 532 U.S. 731, 734 (2001) (prisoners must exhaust available administrative remedies, even where the relief sought cannot be granted in the administrative process).  And district courts are authorized to sua sponte dismiss inmate complaints, pursuant to 42 U.S.C. § 1997e(a), when the failure to exhaust administrative remedies is apparent from the face of the complaint.  See Pena-Ruiz v. Solorzano, Fed. App'x 110, 112 n.3 (3d Cir. 2008) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss sua sponte a complaint such as this one which facially violates a bar to suit."); Ray v. Kertes, 285 F. 3d 287, 295 n.5 (3d Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust administrative remedies [on the face of the complaint, such] dismissals would thus fall within a district court's inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

New Jersey prison regulations set forth a two-step Inmate Remedy System which permits inmates to "formally communicate with correctional facility staff to request information from,

and present issues, concerns, complaints or problems to the correctional facility staff." N.J. ADMIN. CODE § 10A:1-4.1(a)(1) (effective June 16, 2008). Under the first step, an inmate deposits either a Routine Inmate Request, an Interview Request, or an Urgent Request, in a designated collection box. See N.J. ADMIN. CODE §§ 10A:1-4.4(f); 10A:1-4.5. Correctional facility staff must review and respond to the initial request "within 30 calendar days unless the request is determined to be an urgent request or a request is determined to require further deliberation." N.J. ADMIN. CODE § 10A:1-4.5(e). If the inmate is dissatisfied with the response, then he or she may submit an Administrative Appeal within 10 calendar days. See N.J. ADMIN. CODE § 10A:1-4.6(b). The prison administrator or designee must respond to the appeal within 10 business days. See N.J. ADMIN. CODE § 10A:1-46.(c). The Administrative Appeal is the final level of review and completes the administrative exhaustion process.[1] See N.J. ADMIN. CODE § 10A:1-4.6(d).

Plaintiff's Complaint in this case is on a prisoner civil rights complaint form. In response to the question on the form which asks whether Plaintiff has exhausted administrative remedies, Plaintiff checked the "No" box, and gave the following explanation:

> This administration and staff ha[ve] liter[al]ly tak[en] a personal interest in punishing me with such cruel and unusual treatment that no relief will be done here at this institution, in no way form or fas[h]ion.

(Compl. ¶ 5.)

---

[1] The regulations specify that the Inmate Remedy System, including an appeal, "must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, complaints, or problems." N.J. ADMIN. CODE § 10A:1-4.4(d).

Because exhaustion is mandatory and it is clear from the face of the Complaint that Plaintiff has not exhausted available administrative remedies, this Court will dismiss the Complaint pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

### IV.  CONCLUSION

This Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(b), and dismisses the Complaint for failure to exhaust administrative remedies.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: March 27, 2009